UNITED STATES of America,
Plaintiff–Appellee,

v.

Corey Wendell COX, Defendant–
Appellant.

No. 12–4979.

United States Court of Appeals,
Fourth Circuit.

Submitted: May 23, 2013.

Decided: June 20, 2013.

Stacey D. Rubain, Quander & Rubain, P.A., Winston–Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Wendell Cox appeals the 112–month sentence imposed upon him after the disposition of his initial direct appeal, in which we affirmed his conviction but vacated his sentence and remanded for resentencing in light of *United States v. Simmons,* 649 F.3d 237 (4th Cir.2011) (en banc). Cox's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she states that she could identify no meritorious issues for appeal but questions whether Cox's sentence is reasonable. Cox was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We first ensure that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, ... failing to consider the [18 U.S.C.] § 3553(a) [ (2006) ] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* If no procedural error was committed, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* A sentence that falls within or below a properly calculated Guidelines range is presumptively reasonable. *United States v. Susi,* 674 F.3d 278, 289 (4th Cir.2012).

As Cox's counsel correctly observes, the district court did not err in including two points in Cox's criminal history for his 1996 conviction because there was sufficient evidence before the court that the commencement of the instant offense occurred within ten years of that conviction. *See U.S. Sentencing Guidelines Manual,* § 4A1.2(e)(2) (2010). Our review of the record convinces us that Cox's sentence is otherwise reasonable. We discern no error with respect to the district court's computation of the applicable Guidelines range, the opportunities the court provided Cox and his counsel to speak in mitigation, or the court's explanation of the sentence imposed by reference to the § 3553(a) factors. Nor does the record demonstrate any reason to disturb the presumptive substantive reasonability of Cox's sentence. *Susi,* 674 F.3d at 289.

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Cox, in writing, of the right to petition the Supreme Court of the United States for further review. If Cox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cox. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*